IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYO KU PARK, | ) | |
| | ) | |
| Petitioner/Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  21-cv-03671 |
| | ) | |
| HENRY LUCERO, Chicago Field Office Director of Immigration and Customs Enforcement; MERRICK GARLAND, United States Attorney General; ALEJANDRO MAYORKAS, Secretary of Homeland Security, | ) ) ) ) ) ) ) ) | Agency case no.: A076 431 369 |
| Respondents/Defendants. | ) | |

PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES the Petitioner/Plaintiff, Hyo Ku Park ("Petitioner"), by and through his attorney, Daniel Thomann, and for his Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief states as follows:

I. INTRODUCTION

Petitioner is a native and citizen of South Korea. Immigration authorities took Petitioner into custody in February 2021 following a call to the Homeland Security Investigations ("HSI") "tip line." On February 23, 2021, the U.S. Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") – Enforcement and Removal Operations ("ERO") – served Petitioner with a Form I-871 notice of intent to reinstate a prior removal order of removal dated May 25, 2005 that arose from an April 2005 Kentucky conviction for first degree sexual abuse. Following service of Form I-871, Petitioner was transferred to the custody of the U.S. Marshals for

1

prosecution for illegal reentry under 8 U.S.C. § 1326 in this Court. Within days of the conclusion of case number 21 CR 141, the U.S. Marshals returned Petitioner to the custody of DHS-ICE, who indicated that they intended remove Petitioner from the United States. On June 16, 2021 Petitioner filed a petition for review with the U.S. Court of Appeals, Seventh Circuit, challenging his reinstatement order. *See Park v. Garland*, 21-2115 (7th Cir. 2021) (*pending*). On June 17, 2021 Petitioner filed a request for a stay or removal and release on an order of supervision with the DHS-ICE-ERO Chicago Field Office using Form I-246. The DHS-ICE-ERO denied his request in a written decision dated June 30, 2021. Petitioner alleges that the DHS-ICE-ERO has abused its discretion and acted in an arbitrary and capricious manner because its decision cited no facts or other basis for denial, failed to address his request for release on an order of supervision, and was signed by an officer who was not authorized to adjudicate it under applicable agency memoranda.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346 (a)(2) (actions against officers of the United States), 28 U.S.C. § 2201 *et seq.* (the Declaratory Judgment Act), and 5 U.S.C. § 702, *et seq.* (the Administrative Procedure Act).

2. This Court's jurisdiction is not restricted by 8 U.S.C. § 1252(g) because Petitioner challenges a decision regarding the execution of a removal order that was made by the Secretary of Homeland Security and not the Attorney General.

3. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(e)(2) because all events giving rise to this action took place within the Northern District of

Illinois. Venue is also proper in this district under 28 U.S.C. § 1391(e)(1) because Defendant/Respondent Henry Lucero is Director of the Chicago ICE Field Office , which is located in Chicago, Illinois, within this Court's jurisdiction.

### III. PARTIES

00. For the sake of consistency and ease of reference, Respondents/Defendants are hereafter referred to as "Respondent(s)."

4. Petitioner is a 64-year old native and citizen of South Korea who first entered the United States as a B-2 visitor in November 1989. He was removed from the United States on June 30, 2005 pursuant to a removal order issued by an immigration judge in Chicago, Illinois on May 25, 2005. In 2008 Petitioner applied for permission to reapply for admission to the United States but his application was denied on June 9, 2009. Petitioner thereafter returned to the U.S. without authorization, and the DHS ICE detained him in February 2021 and served him with Form I-871 Notice of Intent/Decision to Reinstate Prior Order on February 23, 2021. Petitioner was subsequently prosecuted and convicted in the U.S. District Court for the Central District of Illinois under 8 U.S.C. § 1326. After completing his sentence, he was returned to ICE custody and is currently being held by ICE at the McHenry County Jail, located in Woodstock, Illinois. He filed a Form I-246 application for a stay of removal on June 17, 2021, which the DHS ICE Chicago Field Office denied on June 30, 2021. Petitioner has two adult U.S. citizen children, and prior to his detention in February 2021, had been living in the Northwest suburbs of Chicago, Illinois, with his U.S. citizen wife.

5. Respondent Henry Lucero is sued in his official capacity as the Field Office Director within the State of Illinois for ICE, a sub-agency within the DHS. Respondent

Lucero is charged under 8 U.S.C. § 1357(a) with the implementation and enforcement of the immigration laws, and he is the officer who has custody over Petitioner and who adjudicated and Petitioner's request for a stay of removal.

6.     Respondent Merrick Garland is sued in his official capacity as the Attorney General of the United States.  He has authority, pursuant to 8 U.S.C. § 1227(d)(4), to stay the removal of aliens from the United States.

7.     Respondent Alejandro Mayorkas is being sued in his official capacity as the Secretary of Homeland Security.  He is the executive officer who has authority, pursuant to 8 U.S.C. § 1103(a) to manage and control the Immigration and Customs Enforcement.  As such, he is the ultimate legal custodian of the Petitioner and he is ultimately responsible for the adjudication of his stay application.

## IV.     STATEMENT OF FACTS

8.     Petitioner was initially admitted to the United States as a B-2 temporary visitor on November 28, 1989.  He adjusted his status to that of a lawful permanent resident on February 2, 2000, based on an employment-based petition filed by Choi Cleaning Services.

9.     In April 2005, Petitioner was convicted in Fayette County, KY of sexual abuse, 1st degree, under KRS 510.110, and the DHS ICE detained him and, on April 27, 2005, served him with Form I-862, Notice to Appear ("NTA") in immigration court to address his removability under 8 U.S.C. §§ 1227(a)(2)(A)(iii), and 1101(a)(43)(A) and (F).

10.     On May 25, 2005, an immigration judge in Chicago, Illinois found Petitioner to be removable as charged in the NTA and ordered his removal to South Korea.

11. The removal order dated May 25, 2005 was executed on June 30, 2005. In 2008 Petitioner applied for permission to reapply for admission to the United States, but that application was denied on June 9, 2009, and Petitioner subsequently re-entered the United States without an approved application for permission to reapply for admission.

12. Petitioner remained in the Chicago area, with his U.S. citizen wife, and without any further contact with law enforcement until ICE agents were alerted to his presence by a call to the HSI "tip line." Petitioner was detained by DHS-ICE in February 2021.

13. On February 23, 2021, the DHS issued Form I-871, Notice of Intent to Reinstate the May 25, 2005 order, without an interpreter, and referred Petitioner to the U.S. Attorney for prosecution for illegal reentry under 8 U.S.C. § 1326.

14. On June 3, 2021, with an interpreter, Petitioner was sentenced to a year of supervised release following a guilty plea to illegal reentry in case number 21 CR 141 in the Northern District of Illinois.

15. Petitioner was subsequently returned to DHS custody, where he remains detained at the McHenry County Jail in Woodstock, Illinois.

16. On June 16, 2021, Petitioner filed a petition for review at the U.S. Circuit Court, Seventh Circuit, challenging the reinstated removal order. *See Park v. Garland*, No. 21-2115 (7th Cir. 2021) (*pending*).

17. On June 17, 2021, Petitioner filed Form I-246 with DHS-ICE-ERO in Chicago, Illinois, requesting an administrative stay of removal and release from detention on an order of supervision. *See* Exhibit B. The requests cited the pendency of Petitioner's case at the Circuit Court, his family and other ties to the community, and relevant DHS memoranda, and included supporting evidence regarding the now sexagenarian

Petitioner's criminal history and rehabilitation since the 2005 Kentucky conviction that led to his removal, as well as legal argument regarding the invalidity of the 2005 removal order in light of intervening judicial precedent.  *See* Exhibit B.

18.  On June 30, 2021, the DHS-ICE-ERO denied Petitioner's Form I-246 with a *pro forma* letter that did not explain the agency's reasoning or address Petitioner's request for release on an order of supervision.  *See* Exhibit A.

19.  The June 30, 2021 one-page decision was signed by "S Salazar; 'for' Sylvie Renda, Deputy Field Office Director," and stated simply that "it has been determined that [Petitioner] does not warrant a favorable exercise of prosecutorial discretion."  *See* Exhibit A.

## V. GROUNDS FOR RELIEF

00.  Petitioner realleges and incorporates by reference each and every allegation contained in paragraphs 1-19.

20.  The deprivation of process and liberty complained of herein violates the laws and Constitution of the United States.  Claims arising under such laws are cognizable in *habeas corpus* under 28 U.S.C. § 2241(c)(3).

21.  Under the Administrative Procedure Act, Petitioner is entitled to *habeas* review of the decision to deny him a stay of removal.  *See,* 5 U.S.C. § 703:

> *Form and venue of proceeding.*  The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction.  If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer.  Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency

>action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

*See also,* 5 U.S.C. § 706:

>*Scope of review.* To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall – (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority or limitations, or short of statutory right; [or] (D) without observance of procedure required by law;

Chicago ICE Field Office Director Lucero's decision to deny the Petitioner's request for a stay of removal must be made in a manner consistent with the law.

22. The procedural safeguards required by the APA have not been followed in Petitioner's case and as such, the denial of his requests for a stay of removal and release on an order of supervision in this manner, and his resulting removal, would be unlawful.

23. Review of a discretionary denial is appropriate where it is "limited to whether the discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner." *Garcia-Lopez v. INS*, 923 F.2d 72, 74 (7th Cir.1991).

24. The DHS-ICE had a duty to properly consider the Petitioner's request in exercising its discretion, and a written decision citing no facts or articulating any basis is insufficient. "A bare conclusion is not an adequate discharge of an administrative agency's responsibilities unless the ground or argument that it is rejecting is frivolous." *Bastanipour v. INS*, 980 F.2d 1129, 1131 (7th Cir.1992).

25. The exercise of discretion requires the consideration of individual factors in each case. It cannot be exercised on the basis of general considerations that may or may not be applicable to the individual who is making the request.

26. ICE Field Office Director Lucero's decision denying Petitioner's Form I-246 stay application consisted of a bare recitation of facts without analysis. It was a *pro forma* denial. *See* Exhibit A.

27. The February 18, 2021, Tae Johnson Memorandum regarding "Interim Guidance: Civil Immigration Enforcement and Removal Priorities" ("Johnson Memo")[1] directs DHS-ICE-ERO to consider certain factors in "[d]eciding when and under what circumstances to execute final orders of removal." While Petitioner was removed as a noncitizen convicted of an aggravated felony in 2005 (Priority Category 3(1)), the memorandum states that:

> In evaluating whether a noncitizen currently "pose[s] a threat to public safety," officers and agents are to consider the extensiveness, seriousness, and recency of the criminal activity. Officers and agents are to also consider mitigating factors, including, but not limited to, personal and family circumstances, health and medical factors, ties to the community, evidence of rehabilitation, and whether the individual has potential immigration relief available.

The memorandum additionally states that "particular attention is to be exercised with respect to noncitizens who have pending petitions for review on direct appeal from an order of removal … [i]n such cases, execution of removal orders should have a

---

[1] https://www.ice.gov/doclib/news/releases/2021/021821_civil-immigration-enforcement_interim-guidance.pdf

compelling reason and are to have approval from the FOD." Petitioner is the petitioner in Seventh Circuit case number 21-2115, *Park v. Garland*, which is currently pending.

28. In its June 30, 2021 decision, however, the DHS-ICE-ERO does not identify the applicable "priority level" for Petitioner's case, provides no analysis of the factors involved or evidence submitted in Petitioner's case, identifies no "compelling reason" despite Petitioner's pending appeal at the Seventh Circuit, as required under the Johnson Memo, and the signature "for" the Deputy FOD fails to show that the FOD approved the decision, as required under the Johnson Memo.

29. The Johnson Memo clearly calls for a more thorough analysis of individual circumstances than what the Deputy FOD – or the person signing "for" her – engaged in during the adjudication of Petitioner's request for a stay of removal and release on an order of supervision.

30. The regulations at 8 C.F.R. §§ 241.4 and 241.5 confer authority on the DHS-ICE-ERO to release Petitioner under an order of supervision. This is also expressed in the Johnson Memo ("The civil enforcement and removal decisions include … [d]eciding whether to detain or release from custody subject to conditions").

31. Additionally, as Petitioner remains detained more than 90 days after the reinstated order of removal, 8 U.S.C. § 1241(a)(3) states that release on an order of supervision is appropriate, in that the prolonged detention has not been due to any of the factors outlined in 8 C.F.R. § 1241(a)(2), and Petitioner does not pose any danger to the community – as reflected by the fact that in case number 21-CR-141 the District Court ordered his supervised release from custody and that aside from his convictions in 2005

9

for sexual abuse and 2021 for illegal reentry, Petitioner has had no contact with law enforcement in the United States or elsewhere.

## VI. IRREPARABLE INJURY

00. Petitioner realleges and incorporates by reference each and every allegation contained in paragraphs 1-31.

32. Petitioner and his family are suffering and will continue to suffer irreparable injury on account of the DHS-ICE-ERO's actions. As Petitioner's request for a stay of removal and release on an order of supervision pointed out:

> [Petitioner] is 64 years old and has worked hard his entire life to provide a better life for his family, all of whom are U.S. citizens. As the letters attached as Exhibit E demonstrate, he is a valued member of his family and of his community. [Petitioner] grew up in the wake of the Korean War, he has endured hardship his entire life. His family has suffered greatly as a result of his removal in 2005, financially, emotionally, and otherwise. While the offenses [Petitioner] has been convicted of (in Kentucky and now in Illinois) are undoubtedly serious, They are the only offenses on his record, and must be balanced against the hardship that he and his family have suffered and continue to suffer as a result of his continued detention and potential removal. As his pastor noted, [Petitioner] is a changed man, a man of deep faith, and he has shown this through actions, and not just words.

*See* Exhibit B.

33. If Petitioner is not allowed to remain in the United States pending adjudication of his appeal from the reinstated order of removal, his avenues to return lawfully will be severely limited, resulting in permanent separation from his U.S. citizen wife and sons.

34. Petitioner's removal as an "aggravated felon" and his re-entry following the denial of his application for permission to reapply for admission render him "permanently" inadmissible to the United States under 8 U.S.C. § 1182(a)(9)(C). As a result, he must remain outside of the United States for ten years before he can again apply for permission to apply for admission, and any available waiver of inadmissibility under 8 U.S.C. § 1182(d)(3) for entry as a nonimmigrant would be subject to discretion by the same agency that denied his application for permission to reapply for admission in 2009.

35. In light of Petitioner's age and Respondents' apparent posture toward the positive and negative equities in his case, neither option appears to be realistic, and the permanent separation of Petitioner from his family appears inevitable.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

00. Petitioner realleges and incorporates by reference each and every allegation contained in paragraphs 1-35.

36. Petitioner has exhausted all administrative remedies and no further administrative remedies are available to him aside from the relief presently sought and his Circuit Court challenge to the reinstatement of his 2005 removal order. Petitioner made a written request for a stay of removal using Form I-246 in accordance with ICE regulations, and his request was denied.

37. Petitioner has sought every remedy currently available to him and presently has no avenue for relief from imminent removal other than from this Court.

VIII. PRAYER FOR RELIEF

WHEREFORE, the Petitioner, Hyo Ku Park, respectfully prays that this Honorable Court will:

(1) order that the Respondents refrain from removing the Petitioner from the United States pending adjudication of this petition;

(2) issue a Writ of Habeas Corpus directing the Respondents to release the Petitioner from custody immediately, subject to reasonable conditions;

(3) declare that the Respondents' denial of Petitioner's request for a stay of removal is arbitrary and capricious and an abuse of discretion;

(4) order that Respondents readjudicate Petitioner's Form I-246 request for a stay of removal and release on an order of supervision in a manner consistent with the law and the applicable memoranda; and

(5) order such other relief as may be just and appropriate, including costs, expenses and reasonable attorney fees.

                                    Respectfully submitted,

                                By: /s/ Daniel W. Thomann
                                    Attorney for Petitioner

Daniel Thomann
Daniel Thomann, P.C.
216 South Jefferson Street, Suite 101
Chicago, Illinois 60661
Tel. (312) 750-1368
Fax (888) 750-1370
daniel@thomannlaw.com

VERIFICATION

Daniel W. Thomann, being duly sworn upon oath, hereby states: I represent the Petitioner in these proceedings. The Petitioner, Hyo Ku Park, is currently in detention, and he is not able to appear in my office to sign this Verification. I have reviewed the available record, discussed this matter with the Petitioner, his family, and with officers of the Department of Homeland Security. I verify that the information contained in the foregoing Petition is true and correct to the best of my knowledge and belief.

By: /s/ Daniel W. Thomann
Attorney for Petitioner

Daniel Thomann
Daniel Thomann, P.C.
216 South Jefferson Street, Suite 101
Chicago, Illinois 60661
Tel. (312) 750-1368
Fax (888) 750-1370
daniel@thomannlaw.com